No. 27,807.

THE STATE OF KANSAS, *Appellee,* v. CYNTHIA WOODARD, *Appellant.*

(260 Pac. 616.)

SYLLABUS BY THE COURT.

WITNESSES—*Credibility—Restricting Cross-examination.* Cross-examination of a witness for the state in a liquor case to affect the credibility of the witness, was not unduly restricted.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed November 5, 1927. Affirmed.

*George L. Brown* and *Ralph U. Pfouts,* both of Atchison, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Maurice P. O'Keefe,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of persistent violation of the liquor law, and appeals.

Witnesses, 40 Cyc. pp. 2612 n. 95, 2626 n. 75.

In 1924, defendant pleaded guilty in the district court to two violations of the liquor law—possession of intoxicating liquor and sale of intoxicating liquor. In January, 1927, defendant pleaded guilty in the district court to having intoxicating liquor in her possession. In the present action, the information contained four counts, charging violations of the liquor law occurring in February, 1927. Two counts charged possession, and two counts charged sales.

About February 1, 1927, four men went together to defendant's house, and defendant provided them with whisky, which they drank while sitting in a room of the house. They were there about half an hour, and had several rounds of drinks. The liquor was served in glasses, and one of the men paid defendant for it at the rate of 25 cents per glass. Two of the men were witnesses at the trial and related what occurred. Their testimony was not disputed.

On Sunday, February 13, 1927, three men, Lee, Hoffman and Cummings, went from the city of Atchison across the Missouri river and into the state of Missouri, and there commenced drinking liquor about eight or nine o'clock in the morning. About noon they returned to Atchison, and at about 2:30 in the afternoon they appeared at defendant's house. Lee and Hoffman testified that Lee went into the house and came out with a pint of whisky, which the three proceeded to drink. Then Hoffman went into the house and came out with a pint of whisky, which the three proceeded to drink. Lee testified he paid defendant two dollars for the pint he procured, and Hoffman testified he paid defendant two dollars for the pint he procured.

The error assigned is that cross-examination of Lee to affect his credibility, was unduly restricted.

Defendant offered to show that Lee was an habitual drunkard and had been arrested while drunk. Lee admitted he had once been convicted in police court of being drunk, and considering the appetite and capacity for whisky which his own testimony disclosed, it was not very material to his credibility whether he was in the habit of getting drunk.

Defendant desired to cross-examine Lee with respect to giving checks without funds in the bank to meet them, one in 1924, one in 1925, and one in 1926. The specific facts, which the evidence offered in support of the motion for new trial tended to prove, were these: In June, 1926, Lee gave Earl Green a check for five dollars, which

was returned by the bank on which it was drawn, for want of funds sufficient to pay it. Green notified Lee the check had been returned. Lee did not reply, and Green sent it for collection. Subsequently, Lee took up the check. These facts, if admitted by Lee, did not constitute an offense under the worthless-check act (R. S. 21-554 and 21-555), and it was well within the court's discretion to exclude an investigation of the collateral subject of Lee's carelessness respecting overdrawing his bank account.

There is nothing else of importance in the case. Defendant's guilt was fully established, it would have been better for her to adhere to her practice of pleading guilty, and the judgment of the district court is affirmed.